## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ADMIRAL INSURANCE COMPANY,

        Plaintiff,

v.

J.R. PLAZA HOTEL II, INC., BRIAN
PORTER INDIVIDUALLY AND AS
SPECIAL ADMINISTRATOR OF THE
ESTATE OF BRANDON PORTER,

        Defendants.

No. 19-cv-07468

Judge John F. Kness

## MEMORANDUM OPINION AND ORDER

Plaintiff Admiral Insurance Company brought this declaratory judgment action against its insured, J.R. Plaza Hotel II, Inc., and Brian Porter, who filed a wrongful death lawsuit against J.R. Plaza in an Illinois court. (Dkt. 35.) Plaintiff seeks a declaration that it has no duty either to defend or indemnify J.R. Plaza in Porter's case. (*Id.*) Presently before the Court is Plaintiff's motion for default judgment against J.R. Plaza (Dkt. 59), as well as the parties' jurisdictional memoranda (Dkts. 51, 52)—which they filed in response to the Court's March 9, 2021 order (Dkt. 50) calling into question whether there exists a justiciable controversy between the parties. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (federal courts have an "independent obligation" to assess whether they have jurisdiction).

For the reasons that follow, the Court holds that Plaintiff is entitled to a default judgment stating that Plaintiff owes no duty to defend J. R. Plaza in the state litigation. In addition, the Court finds that, as there has been no judgment entered

in the underlying wrongful death case, the remaining claim concerning whether Plaintiff must indemnify J.R. Plaza is not ripe for adjudication. Because there is no justiciable controversy left to resolve, the Court dismisses the remainder of the case— including the claim against Porter—without prejudice.

## I. BACKGROUND

Plaintiff Admiral Insurance Company brought this action against Defendant J.R. Plaza Hotel II, Inc. to "resolve a dispute . . . as to whether J.R. Plaza is entitled to coverage under a commercial general liability policy that Admiral issued to J.R. Plaza with respect to a lawsuit [in an Illinois court] that has been filed against J.R. Plaza by Brian Porter." (Dkt. 58 ¶ 2.) That lawsuit, which remains pending, alleges that J.R. Plaza is liable for negligence in connection with the murder of Brandon Porter, who, tragically, was killed while a guest on J.R. Plaza's premises. (*Id.* ¶ 9.) Plaintiff seeks a declaratory judgment that it has neither a duty to defend nor a duty to indemnify J.R. Plaza in the Porter lawsuit. (*Id.* ¶ 27.) Plaintiff also sued Brian Porter, the representative of Brandon Porter's estate, under the theory that Porter is a necessary party to this action.

J.R. Plaza never appeared in this action and is in default. In response to J.R. Plaza's default and the likelihood that a default judgment would soon be forthcoming (at least as to the duty-to-defend issue), the Court questioned whether a justiciable controversy would remain. (Dkt. 50.) In response, both Plaintiff and Porter filed respective memoranda addressing the Court's concerns over jurisdiction. (Dkts. 51, 52.)

2

## II.    DISCUSSION

### A.    Plaintiff's Duty to Defend J.R. Plaza

At the default judgment stage, the Court must accept as true the well-pleaded allegations of Plaintiff's complaint. *See Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). In its complaint, Plaintiff contends that it "has no obligation to defend or indemnify J.R. Plaza for the Porter Lawsuit." (Dkt. 58 ¶ 27.) Plaintiff directs the Court to parts of the insurance policy, including a provision that explains:

> We shall have no duty to investigate, defend, or indemnify any insured or indemnitee against any loss, claim, "suit" or other proceeding alleging "bodily injury", "property damage", "personal and advertising injury" or injury or damages of any kind to which this endorsement applies.

(*Id.* ¶ 18.) That exclusion of coverage extends to damages arising out of "[t]he actual, alleged, or threatened assault or battery by anyone of any person while on or adjacent to the premises of the insured." (*Id.*) Because Porter's suit against J.R. Plaza is based on Porter's claim "that Brandon Porter died as a result of being stabbed multiple times during an altercation on J.R. Plaza's premises," Plaintiff argues that the exclusion bars J.R. Plaza's coverage with regards to that suit. (*Id.* ¶¶ 21-27.) Accepting Plaintiff's allegations as true, the Court agrees: Plaintiff has no duty to defend J.R. Plaza in the ongoing state-court litigation. Accordingly, Plaintiff is entitled to a default judgment that it has no obligation to defend J.R. Plaza in the underlying state court lawsuit.

### B.    Plaintiff's Duty to Indemnify J.R. Plaza

Whether Plaintiff is entitled to a declaratory judgment that it has no duty to indemnify any potential state-court judgment against J.R. Plaza is less certain. In

the Seventh Circuit, the "general rule" is that "a suit to determine an insurer's obligations to indemnify its insured is premature until the insured has been determined to be liable to somebody." *Bankers Tr. Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 680 (7th Cir. 1992) (citing *Cunningham Bros., Inc. v. Bail,* 407 F.2d 1165, 1169 (7th Cir. 1969)). More precisely, the "duty to indemnify [is] unripe until the insured has been held liable." *Grinnell Mut. Reinsurance Co. v. Reinke*, 43 F.3d 1152, 1154 (7th Cir. 1995). In addition to the justiciability requirement under Article III of the Constitution, *see*, *e.g.*, *Amling v. Harrow Indus. LLC*, 943 F.3d 373, 377 (7th Cir. 2019) ("Article III of the Constitution limits the jurisdiction of federal courts to cases and controversies." (internal quotations omitted)), this conclusion also follows from the language of the Declaratory Judgment Act, which likewise requires the existence of an "actual controversy" before a court is authorized to declare any party's rights. *See* 28 U.S.C. § 2201(a). Even where an "actual controversy" exists, the Declaratory Judgment Act provides that the court "may"—not *must*—"declare the rights and other legal relations of any interested party seeking such declaration." *Id.*; *see Amling*, 943 F.3d at 379.

Because the issue of J.R. Plaza's liability in the state court case has not been decided, there is no "actual controversy" as to whether Plaintiff must indemnify J.R. Plaza.[1] *See Century Sur. v. John B.*, No. 04 C 7997, 2006 WL 8461456, at *1 (N.D. Ill. Feb. 16, 2006) (collecting cases in which courts in this district have held that "a

---

[1] This is not so for Admiral's duty to defend, which is a "controversy" to the extent that J.R. Plaza is seeking Admiral's defense in the ongoing state court case.

declaratory judgment action as to indemnification obligations is not ripe until liability in the underlying action has been established"). Put another way, Plaintiff's obligation to indemnify J.R. Plaza is, at this point, speculative; it depends upon the vagaries of litigation. Indeed, as the Seventh Circuit explained in the context of construing an indemnification clause in a corporate transaction, a "declaration that A must indemnify B if X comes to pass has an advisory quality." *Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003). That reasoning is instructive here, where, at most, Plaintiff can say only that its insured *might* be found liable in the underlying litigation.

Although the Seventh Circuit recognizes exceptions to the general rule that courts should not address premature inquiries about insurers' obligations, those exceptions are inapplicable here. In *Bankers Trust*, for example, the court emphasized that the probability of a judgment against the defendant is relevant to the question of standing under the Declaratory Judgment Act. 959 F.2d at 681. Where the probability of a judgment against the insurer is not "too slight," a court may assess the insurer's obligations to the insured because "Article III only requires a probabilistic injury." *Id.* Several other factors "supporting consideration of the request for a declaratory judgment . . . include[] the high amount of damages involved in the underlying claim, the insured's inability to pay that amount if found liable, and the likelihood that there was no other insurance coverage for the potential liability." *Ins. Co. of W. v. Cty. of McHenry*, No. 02 C 2291, 2002 WL 1803743, at *2 (N.D. Ill. Aug. 6, 2002) (citing *Bankers Trust*, 959 F.2d at 681-82).

5

Even accepting as true the allegations in Plaintiff's complaint, *see Wehrs*, 688 F.3d at 892, the Court is unable to assess the various factors relevant to whether an exception to the general rule exists. Plaintiff alleges no details about the strength of Porter's state-law claims, the extent of potential damages, or the existence of other insurance coverage to which J.R. Plaza can turn if found liable. As a result, the limited exception described in *Bankers Trust* ought not, without a firmer base of probability, displace in this instance the general rule that the "duty to indemnify is unripe until the insured has been held liable." *Grinnell Mut.*, 43 F.3d at 1154.

In addition to concerns about justiciability, the uncertainty whether J.R. Plaza will ever face a judgment of liability in the state litigation is similarly relevant to the Court's decision as to how it should exercise its discretion under the Declaratory Judgment Act. Whether to issue a declaration under the Declaratory Judgment Act concerning the respective rights of litigants rests within a court's discretion. *See Amling*, 943 F.3d at 379. In view of the unresolved nature of the underlying state case, the Court would—even if this case were otherwise justiciable—nonetheless exercise its "unique and substantial discretion" and decline at this point to determine Plaintiff's duty to indemnify J.R. Plaza. *Id.* (quoting *Haze v. Kubicek*, 880 F.3d 946, 951 (7th Cir. 2018)); see also *Lear Corp.*, 353 F.3d at 583 (even if no Article III barrier, issuing declaration of rights with an "advisory quality . . . could be a mistake, because it would consume judicial time in order to produce a decision that may turn out to be irrelevant").

### C.      Whether Porter is Properly Joined

In addition to suing J.R. Plaza, Plaintiff joined Porter as a defendant because, Plaintiff says, Illinois law provides that "an underlying tort plaintiff [i]s a 'necessary party' to an insurance coverage dispute." (Dkt. 44 ¶ 4 (quoting *Great West Cas. Co. v. Mayorga*, 342 F.3d 816, 817 (7th Cir. 2003) (applying Illinois law)).) For the following reasons, however, the Court finds that Porter is not a necessary party. Plaintiff thus lacks a justiciable claim against him.

Contrary to the statements in the parties' jurisdictional memoranda, Illinois law does not govern the rules of joinder in federal court; Rules 19 and 20 of the Federal Rules of Civil Procedure do. *See Winklevoss Consultants, Inc. v. Fed. Ins. Co.*, 174 F.R.D. 416, 419 (N.D. Ill. 1997) (Castillo, J.) ("[T]he issue of joinder is a matter of federal law, even in a diversity case"). Rule 19 provides: "A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if . . . that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest." Fed. R. Civ. P. 19(a)(1)(B)(i). If there were a live controversy regarding Plaintiff's duty to indemnify, Porter would be a necessary party because resolving that issue would impair the interest in the indemnification aspect of the policy that Illinois law confers to him. *See Great W. Cas. Co.*, 342 F.3d at 817 (citing *Zurich Ins. Co. v. Baxter Int'l, Inc.*, 670 N.E.2d 664, 668-69 (Ill. 1996)). As explained above, however, Plaintiff's duty-to-indemnify claim is not ripe because Porter has yet to

obtain a judgment in the state court case. Porter's hypothetical interest in a non-ripe duty-to-indemnify claim is therefore not a valid basis for joining him in this case.

As to the duty-to-defend claim, Porter lacks a sufficient interest in that claim to support his joinder. Numerous courts in this district have held that "a plaintiff suing the insured . . . is not an indispensable party to a declaratory judgment action that the insured brings to determine the insurer's duty to defend." *Winklevoss*, 174 F.R.D. at 417-18 (collecting cases). This is because the state court claimant has "no stake in which lawyers defend [the insured], which would be the only issue before th[e] court" in resolving a duty-to-defend claim. *QBE Ins. Corp. v. Barrier Corp.*, No. 14 C 9512, 2015 WL 2375257, at *2 (N.D. Ill. May 15, 2015). To be sure, some decisions in this District have observed that, when "the action is instituted not by the insured but by the insurer," the underlying plaintiff suing the insured "runs the risk [of] being bound to a default judgment of noncoverage if the named defendants do not actively pursue their defense." *St. Paul Fire & Marine Ins. Co. v. T.J. Lambrecht Const. Co.*, No. 01 C 6496, 2001 WL 1609374, at *2 (N.D. Ill. Dec. 14, 2001) (citing *Fathers of the Order of Mount Carmel, Inc. v. Nat'l Ben Franklin Ins. Co.*, 697 F. Supp. 971, 973 (N.D. Ill. 1988)); s*ee also Zurich Am. Ins. Co. v. Ocwen Fin. Corp.*, No. 17 C 2873, 2017 WL 11559788, at *2 (N.D. Ill. Aug. 16, 2017). Porter contends he faces that same risk here—J.R. Plaza is in default and Porter wants to step in its shoes to ensure he is not bound by a default judgment against it.

Porter's fears are misplaced. As the Seventh Circuit has repeatedly held, "a default judgment is normally not given preclusive effect under the collateral estoppel

doctrine because no issue has been 'actually litigated.' " *Meyer v. Rigdon*, 36 F.3d 1375, 1379 (7th Cir. 1994) (quoting *In re Cassidy*, 892 F.2d 637, 640 n.1 (7th Cir. 1990)). A default judgment that Plaintiff need not defend J.R. Plaza therefore does not necessitate that Plaintiff also need not indemnify J.R. Plaza. In other words, Porter will likely remain free to litigate from scratch Plaintiff's duty to indemnify if that issue ever ripens.

Despite this rule, the parties insist that resolution by default of the duty to defend issue necessarily settles the indemnification issue as well. Plaintiff asserts that "an insurer's duty to defend its injured subsumes its duty to indemnify" such that "a ruling that an insurer has no duty to defend a lawsuit under the terms of its policy inexorably leads to a ruling that an insurer has no duty to indemnify for that lawsuit either." (Dkt. 52 at 3.) In support of this proposition, Plaintiff and Porter cite numerous examples of cases where courts "immediately ruled on the duty to indemnify" after ruling on the duty to defend. (*Id.* at 4-5 n.1 (collecting cases); *see also* Dkt. 51 at 4-5.)

Although it is true that courts often rule on both duties at the same time, the Seventh Circuit has cautioned that courts should only do so in limited circumstances:

> Courts which conclude that there is no duty to defend will often add that there is no duty to indemnify, given that the former duty is broader than the latter. That may be appropriate ***when it is clear that the insured cannot be held liable under any theory*** that could potentially fall within the coverage of the policy. Where such a possibility exists, however (e.g., through amendment of the complaint in the underlying suit), the prudent thing for the court to do is to refrain from comment on the duty to indemnify.

9

*Nationwide Ins. v. Zavalis*, 52 F.3d 689, 693 n.5 (7th Cir. 1995) (emphasis added); *see also Grinnell Mut.*, 43 F.3d at 1154 ("A conclusion that the insurer must defend does not imply that it must indemnify; because of the possibility that the legal theory of the underlying suit may change, a conclusion that the insurer need not defend does not imply that it need not indemnify").

Given that J.R. Plaza defaulted, this Court has no record from which to determine whether it is "clear that the insured cannot be held liable under any theory that could potentially fall within the coverage of the policy." *Nationwide Ins.*, 52 F.3d at 693 n.5. On the contrary, there are various conceivable scenarios under which the duty to indemnify could be triggered in the absence of a duty to defend. *See, e.g.*, *Keystone Consol. Indus., Inc. v. Emps. Ins. Co. of Wausau*, 456 F.3d 758, 762 (7th Cir. 2006) (applying Illinois law) ("[T]he fact that the duty to defend is generally broader than the duty to indemnify does not mean, as the district court believed, that where there is no duty to defend there can be no duty to indemnify"); *Colony Ins. Co. v. Peachtree Const., Ltd.*, 647 F.3d 248, 254 (5th Cir. 2011) (applying Texas law) ("[A]n insurer may have a duty to indemnify even though the duty to defend never arises"). Accordingly, Porter's interest in whether Plaintiff owes J.R. Plaza a duty of indemnification is not necessarily threatened by J.R. Plaza's default on the duty to defend. In the absence of such a threat, the Court is able to "dispos[e] of th[is] action" without "impair[ing] or imped[ing]" Porter's ability to protect his legal interests. Fed. R. Civ. P. 19(a)(1)(B)(i). Porter is thus not a necessary party.

Having determined that Porter was not a necessary party under Rule 19, the Court must next consider whether it was permissible for Plaintiff to join Porter under Rule 20. Under that rule, a plaintiff may join defendants only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). Plaintiff has failed to state a justiciable duty-to-indemnify claim and is left with only a duty-to-defend claim. Because such a claim does not assert any relief against Porter, his joinder was impermissible. *QBE Ins. Corp.*, 2015 WL 2375257, at *2 (state court claimant has "no stake in which lawyers defend [the insured], which would be the only issue before th[e] court" in resolving a duty-to-defend claim).

Plaintiff has failed to state any justiciable claim against Porter or articulated any valid basis for his joinder. Accordingly, and with regard for its "independent obligation to ensure that [it does] not exceed the scope of [its] jurisdiction," *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 281 (7th Cir. 2020) (quoting *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011)), the Court dismisses Plaintiff's claims against Porter without prejudice.

## III. CONCLUSION

For the reasons above, Plaintiff is entitled to a default judgment that it has no duty to defend J.R. Plaza in the underlying state court litigation. Because the issue of indemnity is not ripe, the Court dismisses without prejudice that aspect of the

complaint against J.R. Plaza. For the same reasons, the Court dismisses without prejudice the complaint against Brian Porter in its entirety.

SO ORDERED in No. 19-cv-07468.

Date: October 15, 2021

JOHN F. KNESS
United States District Judge